IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE LYNN MCNEIL,

    Plaintiff,

v.

USDA RURAL DEVELOPMENT
CENTRALIZED SERVICING CENTER,

    Defendant.

OPINION & ORDER

17-cv-958-jdp

---

Plaintiff Michelle Lynn McNeil, appearing pro se, has filed this civil action against the United States Department of Agriculture Rural Development program. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen McNeil's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept the plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing McNeil's complaint, I conclude that her vague allegations violate Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge*

*Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). McNeil's allegations fall far short of these standards, because she does not provide enough facts to explain her situation or how defendant harmed her. She seems to be saying that she received assistance from the USDA in obtaining a loan, that a government subsidy to her has not been renewed, and that she now faces foreclosure. But she does not include any background information about these events, such as what type of benefit she received, what property it pertains to, or specifically what actions government officials took that harmed her. She says that the government discriminated against her and harassed her but does not explain what she means by that or why she knows that government officials meant to harass or discriminate against her. Her allegations are not detailed enough for defendant or the court to understand what she is saying defendant did to harm her. Also, if McNeil means to sue individual government officials for violating her rights, she does not name any of those people as defendants in the case.

Because I conclude that McNeil's complaint does not comply with Rule 8, I will dismiss it. However, I will give her a chance to file an amended complaint in which she describes the events at issue in more detail. She should draft her amended complaint as if she were telling a story to people who know nothing about her situation. She should simply state (1) what acts she believes violated her rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief she wants the court to provide. In particular, she should explain what type of benefit she received from the federal government, how it was taken away, and how it has harmed her. She should also explain how she knows that government officials meant to harass or discriminate against her. If she means to sue individual defendants, she should name those people as defendants in the caption of her amended complaint. Because she mentions that she

filed a complaint with the USDA Civil Rights Division, it may be useful for her to include a copy of any administrative proceedings to help explain the events surrounding this lawsuit.

Should McNeil fail to submit an amended complaint by the deadline set below, I will direct the clerk of court to enter judgment dismissing the case for her failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Michelle Lynn McNeil's complaint, Dkt. 1, is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 25, 2018, to file an amended complaint more fully explaining the basis for her claims. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case for her failure to state a claim upon which relief may be granted.

Entered June 5, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge