IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHELLE LYNN MCNEIL,

                Plaintiff,

v.                                                  ORDER

USDA RURAL DEVELOPMENT                      17-cv-958-jdp
CENTRALIZED SERVICING CENTER,

                Defendant.

---

       Plaintiff Michelle Lynn McNeil, appearing pro se, filed this civil action against the United States Department of Agriculture Rural Development program. I dismissed her complaint because her vague allegations violated Federal Rule of Civil Procedure 8. Dkt. 4. In particular, I stated:

> McNeil's allegations fall far short of [Rule 8] standards, because she does not provide enough facts to explain her situation or how defendant harmed her. She seems to be saying that she received assistance from the USDA in obtaining a loan, that a government subsidy to her has not been renewed, and that she now faces foreclosure. But she does not include any background information about these events, such as what type of benefit she received, what property it pertains to, or specifically what actions government officials took that harmed her. She says that the government discriminated against her and harassed her but does not explain what she means by that or why she knows that government officials meant to harass or discriminate against her. Her allegations are not detailed enough for defendant or the court to understand what she is saying defendant did to harm her. Also, if McNeil means to sue individual government officials for violating her rights, she does not name any of those people as defendants in the case.

*Id.* at 2.

       I gave McNeil a deadline to submit an amended complaint in which she explained the events at issue in more detail. *Id.* McNeil has responded by submitting a letter that does not

do much to clarify her allegations. Dkt. 5. She suggests that this case "relates to a case you dismissed," by which I take her to mean case no. 16-cv-319-jdp, in which she alleged that government officials violated her constitutional rights in the course of setting and overseeing her divorce and child support arrangement in state court.[1] *See id.* She does not explain how the current case is related to her prior one, nor can I infer how they possibly could be related. It is unclear to me whether she believes that I dismissed the current case in my last order, but I did not. I dismissed her *complaint*, and I gave her a chance to submit a new one that better explained her claims. I will give her one final chance to file an amended complaint, or I will indeed have to dismiss the case because her current allegations do not state claims for relief.

I will give her the same guidance I did in the previous order: she should draft her amended complaint as if she were telling a story to people who know nothing about her situation. She should simply state (1) what acts she believes violated her rights; (2) what rights were violated; (3) who committed those acts; and (4) what relief she wants the court to provide. In particular, she should explain what type of benefit she received from the federal government, how it was taken away, and how it has harmed her. She should also explain how she knows that government officials meant to harass or discriminate against her. If she means to sue individual defendants, she should name those people as defendants in the caption of her amended complaint. Because she mentions that she filed a complaint with the USDA Civil

---

[1] McNeil also states, "Is anything really random? Why were you assigned to both cases? Einstein says God doesn't play dice with the universe." Dkt. 5. I am not sure what the point of McNeil's questions is, but I can tell her that I was assigned this case because this court's procedures generally assign a plaintiff's second case to the same judge who heard the plaintiff's first case.

Rights Division, it may be useful for her to include a copy of any administrative proceedings to help explain the events surrounding this lawsuit.

Should McNeil fail to submit an amended complaint that complies with the Federal Rules of Civil Procedure by the deadline set below, I will direct the clerk of court to enter judgment dismissing the case for her failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Michelle Lynn McNeil may have until November 2, 2018, to file an amended complaint more fully explaining the basis for her claims.

Entered October 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge